UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RADIANT GLOBAL LOGISTICS, INC., A Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES FURSTENAU, JR., an Individual and Michigan resident, and BTX AIR EXPRESS OF DETROIT, LLC, A Connecticut limited liability company,<br><br>Defendants. | Case No. 2:18-cv-12783-BAF-DRG<br><br>Hon. Bernard A. Friedman<br>Mag. Judge David R. Grand |

**JURY INSTRUCTIONS**

Now that you have heard the evidence and the argument, it becomes my duty to instruct you as to the law applicable to this case. You will recall that during the trial I gave you several instructions. The instructions which I gave you during the trial should be considered by you along with these instructions in your deliberations.

In giving you these instructions, I will divide them in three parts: First, I will give you several basic instructions - instructions that apply to a juror's duties in considering a case generally.   Second, these instructions will be followed by instructions on the law applicable to the case you have just heard. Third, and finally, I will give you instructions regarding the verdict and your deliberations. Please listen carefully. If you have any questions or are not sure you understand them completely, towards the close I will tell you how you can talk with me.

It is your duty as jurors to follow the law as stated in these instructions and to apply the rules of law I give you to the facts as you find them from the evidence you have heard and seen.

You are not to single out one instruction alone as stating the law, but must consider these instructions as a whole.

Neither, are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law

2

than that given in these instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence you have heard and seen.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion may be. It is not my function to determine the facts, but rather yours.

Justice through trial by jury always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in these instructions.

As I have told you, you have been chosen and sworn as jurors to try the issues of fact presented by this case. You are to perform this duty without bias or prejudice to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. The parties expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by me, and reach a just verdict. Faithful performance by you of your duties is vital to the administration of justice.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved. Further, an admission of a fact by a lawyer is binding on his client.

If any reference by me or by any lawyer to any matter of evidence does not coincide with your own recollection, it is your recollection which should control you during your deliberations.

From time to time you may have heard objections from one of the lawyers. It is not only the right, but the duty of a lawyer during a trial to make objections and a lawyer would be derelict in his duty if the lawyer did not raise objections whenever, in his judgment, the evidence offered was contrary to law, rules, or procedures as he in his best judgment interprets them. You are not to allow yourselves to be swayed in your honest judgment because of any objections of a lawyer for either side during the trial.

6

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

14

In weighing all the evidence as to a fact, it is proper to consider the number of witnesses testifying on one side or the other as to that fact; but the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

During the trial certain evidence was presented to you by the reading of depositions. A deposition is a record of the sworn testimony of a witness taken before an authorized person. The parties and their lawyers had the right to be present and to examine and cross-examine the witness.

This evidence is entitled to the same consideration as you would give the same testimony had the witness testified in open court.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

A witness may be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The corporate parties in this case are entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and it is your duty to decide the case with the same impartiality you would use in deciding a case between individuals.

There are two defendants in this trial. Each Defendant is entitled to separate consideration of his/its own defense. I shall not repeat my instructions for each Defendant. Unless I tell you otherwise, all instructions apply to each Defendant.

I shall now discuss with you the law applicable to this case. First, I will tell you about the burden of proof.

Plaintiff Radiant has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If Radiant should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for the Defendant(s) as to that claim.

When I use the term "preponderance of the evidence," I mean evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## **BREACH OF FIDUCIARY DUTY**

To prevail on its claim for breach of fiduciary duty against Furstenau, Radiant must establish (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) proximately caused damages.

Your verdict will be for Radiant if Radiant has proved all of those elements.

Your verdict will be for Furstenau if Radiant has failed to prove any one of those elements.

## EXISTENCE OF A FIDUCIARY DUTY

A fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another. A fiduciary has a duty to act for the benefit of the principal regarding matters within the scope of the relationship.

The placement of trust, confidence, and reliance must be reasonable, and placement is unreasonable only if the interests of the principal and agent are adverse or even potentially adverse.

An employee owes fiduciary duties to an employer if he has the authority to supervise other employees for the employer, is high-ranking employee, or has authority to enter into agreements on behalf of the employer.

The law imposes a fiduciary duty of loyalty on high level employees of a corporation that forbids them from taking action contrary to the interests of their employers.

The employer-employee relationship does not give rise to a fiduciary relationship unless the employee is a high-level employee or if there is a specific agency relationship.

## **BREACH OF FIDUCIARY DUTY – BREACH OF DUTY**

Plaintiff Radiant must also prove that Defendant Furstenau breached any fiduciary duty he owed to Radiant.

Michigan law provides that a person who undertakes to act as an agent for another may not pervert his powers to his own personal ends and purposes without the consent of the principal after a full disclosure of the details of the transaction. Among an agent's fiduciary duties to the principal is the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency.

Under Michigan law, an employee in a high-ranking managerial role breaches his fiduciary duties and duty of loyalty that he owes to his employer by pursuing opportunities for himself or others contrary to the interests of his employer.

## BREACH OF FIDUCIARY DUTY – PREPARATIONS TO COMPETE

An employee may take steps to establish a competing business while still employed without breaching a fiduciary duty. However, the employee may not begin competing until after their resignation.

If you find, based on the instructions I have given you, that Radiant has proved that Defendant Furstenau breached his fiduciary duty to Radiant, you may award Radiant such sum, if any, as you believe will fairly and justly compensate Radiant for the damages that you believe it sustained as a direct result of Defendant Furstenau's breach. Any amounts for loss of profits resulting from a breach of fiduciary duty may only be awarded if Radiant proves such losses with reasonable certainty.

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## MISAPPROPRIATION OF TRADE SECRETS
## <u>THROUGH ACQUISITION BY IMPROPER MEANS</u>

To prove its misappropriation of trade secrets claim against BTX Detroit and/or Furstenau, Radiant must prove that

(1)     it owned information that qualified as a trade secret;

(2)     BTX Detroit and/or Furstenau acquired that trade secret; and

(3)     BTX Detroit and/or Furstenau knew, or had reason to know, that Radiant's trade secret was acquired from Radiant by improper means.

(4)     Radiant has been damaged as a proximate result of BTX Detroit and/or Furstenau's acquisition of Radiant's trade secret.

In order for Radiant to recover for misappropriation of trade secrets against BTX Detroit and/or Furstenau, Radiant must prove each of these elements by a preponderance of the evidence. If Radiant fails to prove any one or more of these elements, then your verdict will be for BTX Detroit and/or Furstenau.

28

## MISAPPROPRIATION OF TRADE SECRETS
## THROUGH UNAUTHORIZED DISCLOSURE

Radiant claims that Furstenau and/or BTX Detroit misappropriated its trade secrets by disclosing or using those trade secrets without proper authorization.

To prove its misappropriation of trade secrets claim against Furstenau and/or BTX Detroit, Radiant must prove that

(1)     it owned information that qualified as a trade secret;

(2)     Furstenau or BTX Detroit disclosed to another person or used Radiant's trade secret without Radiant's express or implied consent; and

(3)     that Furstenau and/or BTX Detroit either

    (i)     used improper means to acquire knowledge of Radiant's trade secret; or

    (ii)    knew, or had reason to know, that Radiant's trade secret was obtained by accident or mistake; or

    (iii)   knew, or had reason to know, that Furstenau's or BTX Detroit's knowledge of Radiant's trade secret was:

        (a)     derived from a person who used improper means to obtain that knowledge; or

        (b)     obtained in such a way that Fursteanu and/or BTX Detroit had a duty to maintain its secrecy or limit its use; or

        (c)     derived from another person who had such a duty.

(4)     Radiant has been damaged as a proximate result of Furstenau's or BTX

Detroit's disclosure or use of Radiant's trade secret.

For Radiant to recover for misappropriation of trade secrets against Furstenau

and/or BTX Detroit, Radiant must prove each of these elements by a preponderance

of the evidence. If Radiant fails to prove any one or more of these elements, then

your verdict will be for Furstenau and BTX Detroit.

## **DEFINITION OF A TRADE SECRET**

By "trade secret," I mean any information, in whatever form, including a device, a process, a customer list, a pattern, or a formula:

    a. That derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

    b. That is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

In deciding whether information is a trade secret, you may consider these factors along with any other relevant evidence bearing on the subject:

    a. The extent to which the information is known to others outside of the plaintiff's business;

    b. The extent to which the information is known to persons within the plaintiff's business;

    c. What measures have been taken by the plaintiff to limit access to the information;

    d. The value of the information to the plaintiff and/or competitors;

    e. The investment in time, money, and other resources made to develop the information; and

31

f.   The ease or difficulty which others would have in developing the same information.

By "improper means," this includes a breach or an inducement to breach a duty to maintain secrecy.

## MISAPPROPRIATION OF TRADE SECRETS –
## <u>THIRD-PARTY LIABILITY</u>

Defendant BTX was not in a confidential relationship with Plaintiff Radiant. However, Radiant can recover against BTX for misappropriation of its trade secrets if Radiant proves that BTX knowingly participated in that misappropriation and received a benefit from the misappropriation.

## MISAPPROPRIATION OF TRADE SECRETS –
## <u>WILLFUL AND MALICIOUS</u>

Radiant claims that Defendants BTX and Furstenau's misappropriation of Radiant's trade secrets was "willful and malicious." By "willful," I mean that the Defendants' actions were intentional and deliberate. By "malicious," I mean that Defendants' actions were in conscious disregard of one's duties or without just cause or excuse. Negligent or reckless acts do not suffice to establish that a resulting injury is "willful and malicious." An act is not "willful and malicious" unless the person intended the consequences of his or her actions.

If you find one of the Defendants to be liable, you shall determine the amount of damages he or it caused and return a verdict in that amount. If you find more than one of the Defendants to be liable, you shall return a separate verdict for the amount of damages you determine each Defendant caused.

If you find, based on the instructions I have given you, that Radiant has proved that the Defendants misappropriated Radiant's trade secrets, you may award Radiant an amount of damages that will compensate Radiant for:

(1)     The amount of any actual economic loss suffered by Radiant and caused by the Defendants' misappropriation; and

(2)     the amount of any economic benefit or enrichment that the Defendants achieved as a result of the Defendants' misappropriation.

Radiant has the burden to prove the amount of any such damages, if any.

## **AIDING AND ABETTING**

Radiant claims that BTX Detroit aided and abetted Furstenau's alleged misappropriation of trade secrets and breach of fiduciary duty. To prevail on its claim for aiding and abetting, Radiant must show:

(1)    Furstenau misappropriated Radiant's trade secrets or owed a fiduciary duty to Radiant and breached that duty;

(2)    BTX Detroit was aware that Furstenau misappropriated Radiant's trade secrets or owed a fiduciary duty to Radiant and breached that duty; and

(3)    BTX Detroit gave Furstenau substantial assistance or encouragement that proximately caused Radiant's alleged loss.

Your verdict will be for Radiant if Radiant has proved all of those elements.

Your verdict will be for BTX Detroit if the Radiant has failed to prove any one of those elements.

## AIDING AND ABETTING –
## SUBSTANTIAL ASSISTANCE OR ENCOURAGEMENT

To meet the third element of its aiding and abetting claim against BTX, Radiant must prove that BTX provided substantial assistance or encouragement to Furstenau in carrying out the breach of his fiduciary duties and/or misappropriation of trade secrets. This requires that Radiant show that BTX's alleged encouragement or assistance to Furstenau was a substantial factor in causing Furstenau's breach of his fiduciary duties.

## **TORTIOUS INTERFERENCE WITH CONTRACT**

Radiant claims that BTX Detroit intentionally and improperly interfered with Radiant's contract with Ben Watkins. In order to establish the claim, Radiant has the burden of proving:

(a)    that Radiant had a contract with Ben Watkins at the time of the claimed interference.

(b)    that BTX Detroit knew of the contract at that time.

(c)    that BTX Detroit intentionally interfered with the contract.

(d)    that BTX Detroit improperly interfered with the contract.

(e)    that BTX Detroit's conduct caused Ben Watkins to breach the contract.

(f)    that Radiant was damaged as a result of BTX Detroit's conduct.


Your verdict will be for Radiant if Radiant has proved all of those elements.

Your verdict will be for BTX Detroit if the Radiant has failed to prove any one of those elements.

When I say that Radiant must prove that BTX intentionally interfered with Watkins's contract, I mean that either:

a.  BTX's primary, but not necessarily sole, purpose was to cause Watkins to breach his contract; or

b.  BTX acted knowing that its conduct was certain, or substantially certain, to cause Watkins to breach his contract.

Improper interference is conduct that is fraudulent, not lawful, not ethical, or not justified under any circumstances.  If BTX's conduct was lawful, it is still improper if it was done without justification and for the purpose of interfering with Radiant's contractual rights, but Radiant must specifically show affirmative acts by BTX that corroborate that BTX had the wrongful purpose of interfering with Radiant's contractual rights.

"Breach" means the failure to perform a promise, duty, or obligation that is required and due under a contract.

If you find that Radiant has proven that BTX tortiously interfered with Radiant's contract with Watkins, you may award Radiant damages, if proven, for either (a) the loss of profits or investment damages or (b) nominal damages to compensate it for the tortious interference.

Radiant does not have to prove the exact amount of its damages. However, any damage award may not be based on speculation or guesswork. Radiant claims damages from BTX for the tortious interference with contract measured by the loss of return on investment that it suffered as a result of the solicited employees resigning their employment.   In determining the damages caused by BTX's interference, you may take into account the employee's "at will" employment status, and may consider how long you believe that employee would have continued to be employed by Radiant in the absence of BTX's interference.

### **CONVERSION**

Finally, I will instruct you on the law pertaining to Plaintiff Radiant's claim for common law and statutory conversion against Defendant Furstenau for allegedly converting Radiant's company issued cell phone for his own use. Conversion is an action for wrongful appropriation of personal property under Michigan's common law. In addition to the common law, there is a statutory cause of action for conversion of for the plaintiff's personal property.

To prove its common law conversion claim against Furstenau, Radiant must prove by a preponderance of the evidence that:

a. Radiant owns or has a qualified interest in identifiable personal property;

b. Radiant has possession of the property or the right to immediate possession;

c. Furstenau wrongfully exerted dominion over the property in denial of or inconsistent with the plaintiff's rights; and

d. Radiant suffered actual damages.

To prove its statutory conversion claim under MCL §600.2919a against Furstenau, Radiant must prove by a preponderance of the evidence that:

a. Defendant Furstenau stole, embezzled, or converted Radiant's' property to his own use, and

45

b.     Radiant suffered actual damages as a result.

If you find that Radiant has proved that Furstenau converted Radiant's property under the common law, you may award Radiant damages, if proven, the then the measure of Radiant's damages will be the fair value of the property at the time and place of the conversion, for the period of time that Radiant was deprived of the use of the property, with approximately 1.8401% interest per year.

If you find that Radiant has proved that Furstenau converted Radiant's property under MCL §600.2919a, you may award Radiant treble actual damages. Treble damages is three times the amount of Radiant's actual damages.

As a reminder, you are required to base your decision only on the law as stated in these instructions and to apply the rules of law as I have instructed to the facts as you find them from the evidence you have heard and seen.  You must not make your decision based on any view of the law or legal theory of yours or the attorneys other than those provided in these instructions.

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you

has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and

advise the marshal or bailiff that you are ready to return to the courtroom.

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agrees. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

At any time during your deliberations, you may submit to the court your verdict as to any party concerning whom you have unanimously agreed.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.