IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RADIANT GLOBAL LOGISTICS, INC., A Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES FURSTENAU, JR., an Individual and Michigan resident, and BTX AIR EXPRESS OF DETROIT, LLC, A Connecticut limited liability company,<br><br>Defendants. | Case No. 2:18-cv-12783- BAF-DRG<br><br>Hon. Bernard A. Friedman |

**<u>DEFENDANTS' MOTION TO RECOVER UNDER THE BOND</u>**

Defendants Charles Furstenau, Jr. and BTX Air Express of Detroit, LLC, through their attorney, Andrew F. Marquis of Scopelitis, Garvin, Light, Hanson & Feary, move this Court to allow Defendants to recover under the injunction bond posted March 19, 2019 pursuant to Federal Rules of Civil Procedure 65(c) and 65.1.

1. The Court granted Plaintiff's Motion for Preliminary Injunction in an order dated February 20, 2019.

2. The injunction order barred Defendant Furstenau and employees of Defendant BTX from doing business with carriers and agents that they conducted business with during their last twelve months of employment with Plaintiff for a period of six months from the entry of its order, and from disclosing or using confidential or trade secret information from Plaintiff.

3. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff posted a bond of $425,000 as security should it be determined that the injunction order was wrongfully granted.

4. The injunction order expired by its terms on August 20, 2019.

5. During the six-month period wherein Defendants were enjoined, Defendants lost profits in excess of the $425,000 bond amount.

6. This Court entered judgment for the Defendants on October 12, 2023.

7. In light of the final judgment in favor of Defendants on all counts, it is evident that Defendants were wrongfully enjoined and are entitled to recovery from the bond under Federal Rule of Civil Procedure 65(c).

8. Defendants' damages are provable and were caused by the wrongful injunction.

9. Defendants are thus entitled to recover the full $425,000 of the bond.

10. Defendants sought concurrence from Radiant regarding the relief sought by this Motion, but Radiant did not concur.

This motion is based upon the pleadings on file in this case, as well as the accompanying brief.

Respectfully submitted,

Dated: November 2, 2023    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY

*/s/ Andrew F. Marquis*
By: Andrew F. Marquis (P82641)
*Attorneys for Defendants,*
*BTX Air Express of Detroit, LLC & Charles Furstenau, Jr.*
10 W. Market Street, Suite 1400
Indianapolis, IN 46204
amarquis@scopelitis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RADIANT GLOBAL LOGISTICS, INC., A Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES FURSTENAU, JR., an Individual and Michigan resident, and BTX AIR EXPRESS OF DETROIT, LLC, A Connecticut limited liability company,<br><br>Defendants. | Case No. 2:18-cv-12783-PDB-RSW<br><br>Hon. Bernard A. Friedman |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO RECOVER UNDER THE BOND**

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ ii
TABLE OF AUTHORITIES ........................................................................................ iii
STATEMENT OF ISSUES PRESENTED ................................................................ iv
STATEMENT OF CONTROLLING AUTHORITIES ............................................. v
I.   INTRODUCTION ................................................................................................ 1
II.   RELEVANT FACTUAL BACKGROUND ...................................................... 1
III.   ARGUMENT ........................................................................................................ 4
      A.   Defendants Were Wrongfully Enjoined in Light of Final Judgment ........ 5
      B.   Defendants Damages Are Provable and Exceed the Bond Amount .......... 6
IV.   CONCLUSION ..................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Blumenthal v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) ................................................................................................................. 5

*Gateway Eastern Railway Co. v. Terminal Railroad Ass'n of St. Louis*, 35 F.3d 1134, 1142 (6th Cir. 1994) ........................................................................................ 7

*In re Restaurant Services, Inc.*, 26 B.R. 215, 218 (W.D. Ky. 1982) ............................... 5

*Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) ............................................................................................................... 5

*Sigman v. Tenn. Valley Auth.*, 2016 WL 61388605, at *8 (M.D. Tenn. Oct. 21, 2016) ............................................................................................................... 4, 5, 7

*Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 869 F. Supp. 2d 800, 803 (E.D. Ky. 2012) ............................................................................................................ 4

*United States v. Koen*, 982 F.2d 1101, 1114 (7th Cir. 1992) ........................................ 7

**Rules**

E.D. Mich. Local Rule 7.1(d)(2) ................................................................................. iv, v

Federal Rule of Civil Procedure 65.1 ............................................................................ 4

## STATEMENT OF ISSUES PRESENTED

Pursuant to E.D. Mich. Local Rule 7.1(d)(2), Defendants identify the following issue:

1. Following entry of final judgment in favor of Defendants on all counts, should Defendants be permitted to recover damages against the injunction bond posted by Plaintiff?

   **Defendants' answer: Yes.**

## **STATEMENT OF CONTROLLING AUTHORITIES**

Pursuant to E.D. Mich. Local Rule 7.1(d)(2), Defendants state that the following authorities are the controlling or most appropriate authorities in support of their Brief:

1. Federal Rule of Civil Procedure 65(c).

2. Federal Rule of Civil Procedure 65.1.

3. *Blumenthal v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049 (2d Cir. 1990).

4. *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032 (9th Cir. 1994).

5. *Sigman v. Tenn. Valley Auth.*, 2016 WL 6138605 (M.D. Tenn. Oct. 21, 2016).

6. *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 869 F. Supp. 2d 800 (E.D. Ky. 2012).

## I.     INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 65(c) and 65.1, Defendants BTX Air Express of Detroit, LLC ("BTX Detroit"), and Charles Furstenau, Jr. ("Furstenau") (collectively, "Defendants"), by counsel, respectfully submit this brief in support of their motion for recovery under the bond tendered by Plaintiff Radiant Global Logistics, Inc. ("Plaintiff") for damages sustained by virtue of being wrongfully enjoined by the Court's Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction, dated February 20, 2019.

## II.    RELEVANT FACTUAL BACKGROUND

On September 7, 2018, Plaintiff filed its Complaint against Defendants seeking relief on theories of declaratory judgment, breach of fiduciary duty, misappropriation of trade secrets, tortious interference, aiding and abetting breach of fiduciary duty and misappropriation of trade secrets, and conversion. *See* ECF No. 1. On September 14, 2018, Plaintiff filed its Motion for Preliminary Injunction. *See* ECF No. 7. On September 21, 2018, this Court ordered the parties to engage in expedited discovery. *See* ECF No. 20, PageID.356.

On December 14 and 21, 2018, this Court heard evidence regarding Plaintiff's Motion for Preliminary Injunction. *See* ECF Nos. 43 and 45. At these hearings, Radiant Vice President Tim O'Brien testified that he had no evidence of the Defendants using any Radiant information—rather, it was his "belief" that they did because, in his opinion, there was no way that Furstenau could have kept servicing the same customers he had for the previous 24 years without using Radiant's

1

information (even though Furstenau had worked with those customers for 13 years before Radiant came into existence). ECF No. 43 at 54:20-55:4, 67:22-69:18, 105:16-23. O'Brien also admitted at the hearing that he had no reason to say that Furstenau did not send himself the emails because of his concerns about his pay or about the SAP system. ECF No. 43 at 83:2-24.

O'Brien further testified that Radiant had lost revenue with its top six customers following the departure of Furstenau and the other former employees. *See* ECF No. 43, PageID.2021. Notably, internal Radiant emails (that Radiant did not produce until September 2019) revealed that O'Brien's testimony was knowingly false—just days *before* O'Brien testified, these emails stated that Radiant's top six customers did not show decreased revenue across the board. ECF No. 89, PageID.3506. Instead, Radiant saw *increased* revenues from some of its top six customers after Furstenau resigned. *Id.*, PageID.3506 – 3507. In these same emails, O'Brien wrote that he specifically wanted to "portray the data in a way that shows the most dramatic impact." *Id.*

Although the Court heard O'Brien's misleading testimony at the injunction hearing, the Court refused to hear testimony from Defendants' forensic expert, who had concluded that no Radiant documents had been downloaded or accessed in Furstenau's personal email account, personal computer, or BTX computer. *See* ECF No. 32, PageID.935 and ECF No. 45, PageID.2242. The Court also refused to hear evidence from Liana Renteria about why she left Radiant and how it had nothing to do with Radiant's allegations. *See* ECF No. 45, PageID.2243 – 2245.

On February 20, 2019, this Court granted Plaintiff's motion for preliminary injunction and barred Defendant Furstenau and employees of Defendant BTX Detroit from doing business with customers, carriers, and agents that they conducted business with during their last twelve months of employment with Plaintiff for a period of six months from the entry of its order, and from disclosing or using confidential or trade secret information from Plaintiff. *See* ECF No. 52. As a result, Defendants did not conduct business with certain customers, carriers, and agents from February 20, 2019, to August 20, 2019.

Pursuant to Federal Rule of Civil Procedure 65(c), which requires the party moving for an injunction to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," Plaintiff posted a $425,000 injunction bond on March 19, 2019. *See* ECF No. 61.

Following litigation lasting over five years and encompassing two jury trials,[1] a jury reached a verdict entirely in Defendants' favor on October 6, 2023. The Court entered final judgment for Defendants on October 12, 2023.

At the second trial, Plaintiff presented evidence that, during the period from September 2018 to January 2019 (prior to entry of the injunction order), Defendant BTX Detroit's average monthly profits were $99,178. *See* Plaintiff's Trial Exhibit 279. Plaintiff also introduced evidence that Defendant BTX Detroit's average monthly

---

[1] An initial trial was held by this Court in June 2023. The jury did not reach a verdict, and this Court declared a mistrial.

profits for the period from February 20, 2019 to August 20, 2019 (during which the injunction was in place) decreased to $5,719. *See* Plaintiff's Trial Exhibit 280. Thus, by Plaintiff's own evidence, Defendant BTX Detroit lost, on average, $93,459 per month in profit during the time the injunction was in place. *See id.* In sum, Defendants lost $560,754 in profits during the six-month period when Defendants were enjoined. *See id.*

### III. ARGUMENT

Given this Court's recent entry of final judgment in favor of Defendants, it is evident that Defendants were wrongfully enjoined and restrained by the February 20, 2019, preliminary injunction. For the reasons outlined below and pursuant to Federal Rule of Civil Procedure 65.1, Defendants respectfully request that the Court grant this motion and order the release of the full $425,000 value of the injunction bond to Defendants.

Under Federal Rule of Civil Procedure 65.1, a party seeking damages pursuant to an injunction bond may do so "on motion without any independent action." Most courts "hold that there is a rebuttable presumption that a wrongfully enjoined party is entitled to recover damages against the injunction bond unless there is a good reason to depart from the preference for recovery of security granted under Rule 65(c)." *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 869 F. Supp. 2d 800, 803 (E.D. Ky. 2012); *see also Sigman v. Tenn. Valley Auth.*, 2016 WL 6138605, at *8 (M.D. Tenn. Oct. 21, 2016). This presumption applies only to "provable" damages, meaning a wrongfully enjoined party must first demonstrate that its damages sought

4

in a Rule 65.1 motion were proximately caused by the wrongful injunction. *See Sigman*, 2016 WL 6138605, at *8; *see also In re Restaurant Services, Inc.*, 26 B.R. 215, 218 (W.D. Ky. 1982) ("[R]ecoverable damages under an injunction bond issued pursuant to Rule 65(c) are those that arise from operation of the injunction itself and not from damages occasioned by the suit independently of the injunction.").

Here, Defendants can demonstrate that the presumption in favor of damages against Plaintiff's injunction bond applies.

### A. Defendants Were Wrongfully Enjoined Considering the Final Judgment

Defendants were wrongfully enjoined by the Court's February 20, 2019, grant of Plaintiff's Motion for Preliminary Injunction. Courts find that parties have been wrongfully enjoined under Federal Rule of Civil Procedure 65(c) "when it turns out that the party enjoined had the right all along to do what it was enjoined from doing." *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (citing *Blumenthal v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990)). In determining the "wrongfulness" of an injunction, the focus "is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have been issued in the first instance." *Blumenthal*, 910 F.2d at 1054. Thus, an enjoined party who ultimately succeeds on the merits of the case on the basis that the enjoined conduct was not prohibited will be deemed to have been wrongfully enjoined for the purposes of Federal Rule of Civil Procedure 65(c). *See id.* at 1055; *Nintendo*, 16 F.3d at 1036.

5

Here, the Court's February 20, 2019, preliminary injunction barred Defendants from doing business with customers, carriers, and agents that they had previously done business with and could continue to work with in light of an absence of restrictive covenants in place.

Following a two-week trial, a jury found in favor of Defendants on all counts, and the Court entered final judgment for Defendants. Regarding Plaintiff's trade secret claim, the jury concluded that Plaintiff did not prove that it owned information that qualified as a trade secret. *See* ECF No. 234, PageID.17695. With respect to Plaintiff's claim for breach of fiduciary duty, the jury decided that Furstenau did not breach that duty. *See* ECF No. 234, PageID.17693. The jury's verdict—that there never were any trade secrets at issue and that Furstenau never breached his fiduciary duty—shows that Defendants at all times had the right to do business with the customers, carriers, and agents at issue in the Court's preliminary injunction order. Therefore, the preliminary injunction "should not have been issued in the first instance," *Blumenthal*, 910 F.2d at 1054, and Defendants were wrongfully enjoined for the purposes of Federal Rule of Civil Procedure 65(c).

## B. Defendants' Damages Are Provable and Exceed the Bond Amount

Defendants' damages caused by the improvident injunction clearly exceed the $425,000 injunction bond. In fact, Plaintiff's own evidence that it produced at trial confirms this much.

At the second trial, Plaintiff presented evidence that, during the period from September 2018 to January 2019 (prior to entry of the injunction order), Defendant

6

BTX Detroit's average monthly profits were $99,178. *See* Plaintiff's Trial Exhibit 279. Plaintiff also introduced evidence that Defendant BTX Detroit's average monthly profits for the period from February 20, 2019 to August 20, 2019 (during which the injunction was in place) dramatically decreased to $5,719. *See* Plaintiff's Trial Exhibit 280. Thus, by Plaintiff's own exhibits, Defendant BTX Detroit lost, on average, $93,459 per month in profit during the time the injunction was in place. In sum, Defendants lost at least $560,754 in profits during the six-month period when Defendants were enjoined. This amount far exceeds the $425,000 injunction bond amount.[2]

These lost profits undeniably coincide with the period that Defendants were enjoined from continuing business as usual, and clearly result from the wrongly granted injunction, which hindered Defendants' ability to gain profits. Thus, Defendants' damages are "provable" as required to recover against the injunction bond. *See Sigman*, 2016 WL 6138605, at *8.

Because Plaintiff's own evidence shows that Defendants' damages exceed the $425,000 injunction bond amount,[3] Plaintiff cannot dispute Defendants' claim to

---

[2] Plaintiff's trial exhibits show that Defendant BTX Detroit's average monthly revenues decreased from $398,140 for the period from September 2018 to January 2019 to just $38,532 for the period from March 2019 to July 2019. *See* Plaintiff's Trial Exs. 279-80.

[3] "[T]he parties agreed that the amount of the bond for Plaintiff to post as security for the Preliminary Injunction shall be $425,000.00[.]" ECF No. 61, PageID.2998. The Court's approval of the bond indicates that the $425,000 amount is "within the range of options from which one could expect a reasonable trial judge to select." *Gateway Eastern Railway Co. v. Terminal Railroad Ass'n of St. Louis*, 35 F.3d 1134, 1142 (7th Cir. 1994) (quoting *United States v. Koen*, 982 F.2d 1101, 1114 (7th Cir. 1992)).

7

damages from the injunction bond. Accordingly, in light of the final judgment in Defendants' favor, Defendants are entitled to recover the full $425,000 in damages.

## IV.     CONCLUSION

Entry of final judgment in favor of Defendants proves that Defendants were wrongfully enjoined by the February 20, 2019, preliminary injunction. Defendants have demonstrated that their damages are provable and far exceed the $425,000 injunction bond amount. Therefore, Defendants respectfully request the Court grant its motion for recovery of the full $425,000 under the bond.

Respectfully submitted,

Dated:  November 2, 2023                     SCOPELITIS, GARVIN, LIGHT,
                                             HANSON & FEARY

                                             */s/ Andrew F. Marquis*
                                             By:  Andrew F. Marquis (P82641)
                                             *Attorney for Defendants,*
                                             *BTX Air Express of Detroit, LLC & Charles Furstenau, Jr.*
                                             10 W. Market Street, Suite 1400
                                             Indianapolis, IN 46204
                                             amarquis@scopelitis.com

4864-0562-4455,

8