UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RADIANT GLOBAL LOGISTICS, INC.,

        Plaintiff,                  Civil Action No. 18-cv-12783
                                         HON. BERNARD A. FRIEDMAN

vs.

CHARLES FURSTENAU, JR. AND
BTX AIR EXPRESS OF DETROIT, LLC

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES

This matter is before the Court on a motion for attorney's fees filed by defendants Charles Furstenau, Jr. and BTX Air Express of Detroit, LLC ("BTX"). (ECF No. 249).  Plaintiff Radiant Global Logistics, Inc. ("Radiant") has filed a response in opposition, and defendants have filed a reply.  (ECF No. 256, 258). The Court does not believe oral argument will aid in the resolution of this matter and shall not hold a hearing.  E.D. Mich. LR 7.1(f)(2).  For the reasons that follow, the motion is denied.

I.  Background

The complaint in this case was filed in September 2018 and the matter was originally assigned to Judge Paul D. Borman.  (ECF No. 1).  Radiant sought

redress of harms allegedly caused by the "resignation of Furstenau, the former General Manager of Radiant's Detroit based operations, who resigned his position at the end of the day on Friday, August 24, 2018 and immediately assumed the role of manager of the newly formed Detroit based operations of BTX, a direct competitor of Radiant." (ECF No. 1, PageID.2, ¶ 1). Radiant alleged that before leaving, Furstenau had systematically stolen Radiant's confidential and proprietary information and unlawfully recruited key Radiant employees to BTX. (*Id.*, ¶ 2). The complaint included causes of action for declaratory judgment (against Furstenau), breach of fiduciary duty (against Furstenau), misappropriation of trade secrets (against Furstenau and BTX), tortious interference (against BTX), aiding and abetting (against BTX), and conversion (against Furstenau). (*Id.*, PageID.17-25).

Following a plethora of other filings and an extended hearing, on February 20, 2019, Judge Borman granted Radiant's motion for a preliminary injunction. (ECF No. 52).  On March 8, 2019, Judge Borman denied BTX's motion for reconsideration and clarified his earlier Order.  (ECF No. 57).  The Sixth Circuit denied defendants' motion for a stay of the preliminary injunction, (ECF No. 74), and ultimately dismissed the appeal as moot given that the six-month period identified in the injunction had already passed, (ECF No. 90).  In April 2021, Judge Borman denied cross-motions for partial summary judgment as to the claims

in the complaint.  (ECF No. 169).  In August 2021, he granted Radiant's motion for summary judgment as to Furstenau's first amended counter complaint.  (ECF No. 173).

In April 2023, this case was reassigned to the undersigned.  (ECF No. 195). Trial began in the case in June 2023 and ultimately a mistrial was declared as the jurors could not reach a unanimous verdict. In August 2023, the undersigned denied defendants' renewed motion for judgment as a matter of law, (ECF No. 221), and a second trial began in September 2023.  A verdict was reached in favor of defendants on October 6, 2023, and the Court entered Judgment.  (ECF Nos. 234, 238).

Defendants have now filed the instant motion for attorney's fees incurred in defending against the claim for misappropriation of trade secrets.  (ECF No. 249). They seek the award under the Michigan Uniform Trade Secrets Act, alleging that Radiant made its claim for misappropriation in bad faith.  (*Id.*).

II.  <u>Legal Standard</u>

When considering a motion for attorney's fees under this statute, the Court acts as the factfinder and is not required to draw all inferences in favor of the non-moving party. *Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 536 (6th Cir. 2008).

III. <u>Analysis</u>

Under Michigan's Uniform Trade Secrets Act, "[i]f a claim of misappropriation is made in bad faith, . . . the court may award reasonable attorney's fees to the prevailing party." Mich. Comp. Laws § 445.1905. Thus, to recover defendants must show that they are the "prevailing part[ies]" and that the misappropriation claim was made in "bad faith." *Degussa*, 277 F. App'x at 534.

Defendants seek attorney's fees on the grounds that, as reflected in the jury's verdict, Radiant never had any trade secrets. (ECF No. 249, PageID.19440). BTX and Furstenau urge that although Radiant's "self-inflicted wounds" were the real cause of its alleged damages, Radiant acted in bad faith and brought a claim for misappropriation of trade secrets "for the improper purpose of attempting to restrain legitimate competition and limit job mobility." (*Id.*).

More specifically, defendants argue that Radiant has conceded "that Radiant's 'Customer Solutions' are neither unique to Radiant nor specific"; that pricing is common across the industry and changes frequently; and that "customer contact information consisted of easily reproducible email addresses." (ECF No. 249, PageID.19455-56). Furstenau and BTX further suggest that Radiant "took the untenable position that generalized knowledge . . . and . . . personal relationships with customers" are trade secrets, although Michigan law holds to the contrary. (*Id.*, PageID.19456-57). Defendants also argue that Radiant never produced

4

evidence of Furstenau and BTX using or threatening to use these alleged trade secrets.  (*Id.*, PageID.19457-58).  Defendants urge that Radiant failed to rebut forensic evidence that the emails Furstenau sent to his private Comcast account were not opened and posit that Radiant "did not even review business documents in this case from BTX Detroit . . . to *attempt* to support its case." (*Id.*, PageID.19458).  Instead, defendants urge that Radiant knew its losses were caused by its own failures.  (*Id.*, PageID.19459-60).  Defendants conclude that notwithstanding this knowledge, "Radiant filed its lawsuit for the improper purpose of harassing Furstenau and trying to stop him from competing." (*Id.*, PageID.19461).  In support, defendants note that "Radiant surreptitiously monitored his email account, cut him out of meetings, and searched for his replacement" and also attempted to persuade Furstenau to sign a non-compete agreement.  (*Id.*).

Defendants seek to recover $1,401,160 in fees billed from the beginning of the case through the second trial.  (*Id.*, PageID.19463).

Radiant opposes the motion.  (ECF No. 256).  Radiant argues that this Court has previously determined that there was a likelihood of success on the merits on the misappropriation claim and notes that "[d]espite the jury's verdict . . . there is ample evidence to support Radiant's MUTSA claim." (*Id.*, PageID.19902-04). Further, it argues that even if defendants were entitled to attorney's fees under this

provision, recovery would only be appropriate for fees and costs associated with the trade secret misappropriation claim, not the entirety of the defense. (*Id.*, PageID.19924). And finally Radiant urges that the amount requested is unreasonable. (*Id.*, PageID.19925).

The Court agrees with Radiant that no award is appropriate here. Bad faith in this context "requires objective speciousness of the plaintiff's claim and subjective bad faith in bringing or maintaining the claim." *Degussa*, 277 F. App'x at 534 (cleaned up). Objective speciousness occurs "where there is a complete lack of evidence" supporting the claims; "[s]ubjective bad faith exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit. It also includes bringing actions for improper purposes, such as restraining legitimate competition and job mobility." *Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 1:17-cv-907, 2020 WL 13527935, at *2 (W.D. Mich., Nov. 30, 2020) (cleaned up).

Although the jury ultimately determined that Radiant had not identified any protectable trade secrets, (ECF No. 234, PageID.17695), this Court has, on multiple occasions, specifically found that Radiant's claim for misappropriation had at least some merit. *See, e.g.*, (ECF No. 52, PageID.2750) (Order granting preliminary injunction and finding a "likelihood of success on [Radiant's] claims of threatened misappropriation"); (ECF No. 169, PageID.14468-76) (Order

denying cross-motions for summary judgment, including defendants' motion on the claim for misappropriation of trade secrets): (ECF No. 213, PageID.16735-39) (denial during the first trial of defendants' motion for judgment as a matter of law, including on the misappropriation claim); (ECF No. 221, PageID.17339-45) (Order denying defendants' renewed motion for judgment as a matter of law following the first trial, including on the misappropriation claim).  And in denying a stay of the preliminary injunction, the Sixth Circuit likewise found that Radiant had shown at least some likelihood of success on the merits.  *See* (ECF No. 74).  Although defendants ultimately prevailed with the jury (and are clearly the "prevailing parties"), the Court is not persuaded that all of these prior rulings were incorrect. Furstenau and BTX have not shown that the claim for misappropriation of trade secrets was "objective[ly] specious[]" nor that there was "subjective bad faith in bringing or maintaining the claim."  *Degussa*, 277 F. App'x at 534 (cleaned up). Accordingly, it is hereby,

ORDERED that the motion for attorney's fees (ECF No. 249) is DENIED.

**SO ORDERED.**

s/Bernard A. Friedman
Dated: January 25, 2024           BERNARD A. FRIEDMAN
    Detroit, Michigan             SENIOR U.S. DISTRICT JUDGE