UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RADIANT GLOBAL LOGISTICS, INC.,

       Plaintiff,                      Civil Action No. 18-cv-12783
                                               HON. BERNARD A. FRIEDMAN

vs.

CHARLES FURSTENAU, JR. AND
BTX AIR EXPRESS OF DETROIT, LLC

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO RECOVER UNDER THE BOND**

This matter is before the Court on a motion to recover under the bond filed by defendants Charles Furstenau, Jr. and BTX Air Express of Detroit, LLC ("BTX"). (ECF No. 250). Plaintiff Radiant Global Logistics, Inc. ("Radiant") has filed a response in opposition, and defendants have filed a reply. (ECF Nos. 255, 257). The Court does not believe oral argument will aid in the resolution of this matter and shall not hold a hearing. E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion is granted.

I. Background

This case, originally assigned to Judge Paul D. Borman, began in 2018. The complaint alleged that Furstenau resigned suddenly from his position as the

General Manager of Radiant's Detroit-based operations and immediately thereafter began working as the manager of BTX, a direct competitor. (ECF No. 1, PageID.2). Radiant alleged that before departing Furstenau stole the company's confidential and proprietary information and unlawfully recruited its key employees. (*Id.*). The complaint included causes of action for declaratory judgment (against Furstenau), breach of fiduciary duty (against Furstenau), misappropriation of trade secrets (against Furstenau and BTX), tortious interference (against BTX), aiding and abetting (against BTX), and conversion (against Furstenau). (*Id.*, PageID.17-25).

After extensive filings and a two-day evidentiary hearing, on February 20, 2019, Judge Borman granted Radiant's motion for a preliminary injunction on the misappropriation of trade secrets claim and the breach of fiduciary duty claim. (ECF No. 52). The Opinion and Order indicated that pursuant to Federal Rule of Civil Procedure 65(c), the Court would hear "argument on the requirement that Plaintiff provide security in an amount proper to pay costs and damages to Defendants if they are subsequently found to have been wrongfully enjoined." (*Id.*, PageID.2757). A review of the docket suggests that the bond hearing was set and cancelled multiple times. Ultimately, an injunction bond was entered in the amount of $425,000.00. (ECF No. 61).

2

On March 8, 2019, Judge Borman denied BTX's motion for reconsideration of the preliminary injunction and clarified his earlier Order. (ECF No. 57). The Sixth Circuit denied defendants' motion for a stay of the preliminary injunction, (ECF No. 74), and ultimately dismissed the appeal as moot given that the six-month period identified in the injunction had already passed, (ECF No. 90). In April 2021, Judge Borman denied cross-motions for partial summary judgment as to the claims in the complaint. (ECF No. 169). In August 2021, he granted Radiant's motion for summary judgment as to Furstenau's first amended counter complaint. (ECF No. 173).

In April 2023, this case was reassigned to the undersigned. (ECF No. 195). The case proceeded to trial, but a mistrial was declared when the jurors could not reach a unanimous verdict in June 2023. The undersigned denied defendants' renewed motion for judgment as a matter of law, (ECF No. 221), and a second trial began in September 2023. A verdict was reached in favor of defendants on all counts on October 6, 2023, and the Court entered Judgment. (ECF Nos. 234, 238).

Defendants have now filed the instant motion to recover under the injunction bond pursuant to Federal Rules of Civil Procedure 65(c) and 65.1, urging that they were wrongfully enjoined. (ECF No. 250).

II.  Analysis

The injunction bond entered in this case states that "*the parties agreed* that the amount of the bond for Plaintiff to post as security for the Preliminary Injunction shall be $425,000.00." (ECF No. 61, PageID.2998) (emphasis added). It continues:

> The condition of this obligation is such that [Radiant] shall pay to Defendants, Furstenau and BTX Detroit, the costs and damages incurred or suffered by Defendants, Furstenau and BTX Detroit, in a sum to be determined by final order of the United States District Court for the Eastern District of Michigan up to an aggregate maximum amount of $425,000.00, should it later be determined that the injunction issued by the United States District Court for the Eastern District of Michigan in accordance with its Orders of February 20, 2019 (Doc. #52) and March 8, 2019 (Doc. #57) was improvidently granted pursuant to Fed. R. Civ. P. 65(c).

(*Id.*, PageID.2998-99). The injunction bond is signed by representatives for the surety, Arch Insurance Company, and Radiant. (*Id.*, PageID.2999-3000).

In the present motion, Furstenau and BTX urge that the jury's verdict and judgment entered in their favor on all counts makes clear that they were wrongfully enjoined and are entitled to recover under the bond. (ECF No. 250, PageID.19611); *see also* (*id.*, PageID.19622) ("Courts find that parties have been wrongfully enjoined under Federal Rule of Civil Procedure 65(c) when it turns out that the party enjoined had the right all along to do what it was enjoined from doing.") (cleaned up). They note that during the second trial, Radiant presented evidence that in the months preceding the injunction, BTX had average monthly

4

profits of $99,178, and that during the six months in which the injunction was in place BTX's monthly profits dropped to $5,719. (*Id.*, PageID.19620-21) (citing Plaintiff's Trial Exhibits 279, 280). Defendants conclude that "by Plaintiff's own evidence, Defendant BTX Detroit lost, on average, $93,459 per month in profit during the time the injunction was in place" for a total of $560,754. (*Id.*, PageID.19621). As this exceeds $425,000, they argue that they are entitled to recover the entire amount under the bond. (*Id.*, PageID.19625).

Radiant opposes the motion. It urges that the injunction bond "is a contract among Radiant, Defendants, and the surety" which conditions payment on a determination that the injunction "was improvidently granted." (ECF No. 255, PageID.19847) (cleaned up). Accordingly, Radiant argues that Furstenau and BTX "can only recover if this Court determines that its earlier decision to issue the Injunction was improvidently exercised or an abuse of discretion." (*Id.*). But, according to Radiant, in denying a stay of the preliminary injunction the Sixth Circuit already "concluded that this Court did not abuse its discretion." (*Id.*). Radiant further argues that the Court may not award any damages without an evidentiary hearing and that defendants must show that they mitigated their damages. (*Id.*, PageID.19848).

As a preliminary matter, the plain terms of the injunction bond condition payment on a determination, from this Court, that the injunction "was

5

improvidently granted pursuant to Fed. R. Civ. P. 65(c)." (ECF No. 61, PageID.2999).[1] Radiant asks the Court to read this to mean that the injunction "was granted contrary to this Court's sound judicial discretion or the result of the improvident exercise of this Court's judicial discretion." (ECF No. 255, PageID.19861).[2] But that asks too much of the plain language of the bond. Payment is contingent only on a finding that the injunction "was improvidently granted pursuant to Fed. R. Civ. P. 65(c)," not that the Court abused its discretion in granting the injunction. (ECF No. 61, PageID.2999). Relying upon the language of the bond and Rule 65(c) (as referenced in the bond), the Court will consider whether the injunction "was improvidently granted pursuant to" whether defendants were "wrongfully enjoined." (*Id.*); Fed. R. Civ. P. 65(c).

Contrary to Radiant's assertions, it is immaterial that the Sixth Circuit has already determined that that this Court did not abuse its discretion in granting the preliminary injunction. Radiant is correct that in denying defendants' motion to

---

[1] In multiple references to the language of the bond, Radiant curiously omits the latter half of the clause, focusing only on the words "improvidently granted." *See, e.g.*, (ECF No. 255, PageID.19847, 19858). But, as indicated above, the full phrase is "improvidently granted *pursuant to Fed. R. Civ. P. 65(c)*." (ECF No. 61, PageID.2999) (emphasis added). The latter half of the phrase is important to the understanding of the whole.

[2] In support, Radiant cites to cases addressing the exercise of the district court's discretion to grant a preliminary injunction in the first instance. (*Id.*, PageID.19861-62). But as detailed below, a finding that the Court did not abuse its discretion in granting the injunction does not answer the question of whether the defendants were wrongfully enjoined.

6

stay the preliminary injunction, the Sixth Circuit found that the issuance of the injunction was not an abuse of discretion. *See* (ECF No. 74). But the question before this Court at this time is not whether this Court abused its discretion in granting the preliminary injunction years ago, but whether, after a full determination of the law and facts, the injunction was improvidently granted such that defendants were wrongfully enjoined. The Court finds this to be the case.

Multiple courts have concluded that a district court should find that a party has been "wrongfully enjoined" under Rule 65(c) "when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir.). This does not require a finding that the injunction was faulty from the get-go (or "wrongfully issued"). "A court that complies with the applicable law in issuing a preliminary injunction does not 'wrongfully' issue it." *Id.* at 1036, n.4 (noting that "in an earlier appeal in this case we upheld the district court's issuance of the preliminary injunction"). Rather, a preliminary injunction may be properly entered, but if the opposing party ultimately prevails in the underlying litigation, then that party is said to have been "wrongfully enjoined." *Id.* at 1036. The Second Circuit came to the same conclusion.

> A party has been "wrongfully enjoined" under Fed. R. Civ. P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act. The conclusion that an injunction later dissolved was "wrongful," in the sense that the party had the right to

7

> do the enjoined act, does not necessarily imply that the district court abused its discretion in granting the relief in the first place. A temporary injunction may be wrongfully issued although the issuance may not have been improvident as an abusive exercise of the trial court's discretion.
>
> The focus of the "wrongfulness" inquiry is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance.

*Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) (cleaned up). And this is supported by the theory underlying the Rule: "that the applicant consents to liability up to the amount of the bond, as the price for the injunction." *Id.* (cleaned up); *see also* (ECF No. 74, PageID.3416) (Opinion of the Sixth Circuit in this case finding that it was not an abuse of discretion to issue the preliminary injunction, but specifically noting that the injunction was, as the name suggests, *preliminary*: "Radiant was not required to prove its case in full at the preliminary-injunction hearing") (cleaned up).

In this instance, it was not an abuse of discretion for this Court to issue the preliminary injunction when it originally did so, as the Court of Appeals has affirmed. (ECF No. 74). But now that all discovery is complete, all of the facts have come to light, and a jury has conclusively found in favor of the defendants on all counts, the Court finds that the conditions of the bond have been satisfied. It turns out that the preliminary injunction "was improvidently granted" and defendants were "wrongfully enjoined" within the meaning of Federal Rule of Civil Procedure 65(c). (ECF No. 61, PageID.2999); *see also* (ECF No. 234,

PageID.17693, 17695) (jury verdict that Furstenau did not breach any fiduciary duties owed to Radiant and that Radiant did not have information that qualified as a trade secret). The preliminary injunction was not wrongfully issued, but with the benefit of the complete record and a full determination on the merits, we can now say that it was "improvidently granted" and "wrongfully enjoined" Furstenau and BTX. Defendants are thus entitled to recover under the bond.

Radiant also urges that, in line with this Court's discretion over the requirements of a bond in the first instance, the Court is not "bound to award damages on the bond without considering the equities of the case." (ECF No. 255, PageID.19863-65). Here, the equities support recovery under the bond. At the preliminary injunction stage, Radiant convinced this Court (and the Sixth Circuit) that it enjoyed a likelihood of success on the merits. But after two trials, and five years of litigation, Radiant could convince neither the first nor the second jury to find in its favor. Because in the end the trier of fact determined that Furstenau and BTX were within their rights in engaging in the enjoined conduct, fairness demands that Radiant pay "the price for the injunction" as it turns out that defendants "ought not to have been enjoined." *Blumenthal*, 910 F.2d at 1044-55 (cleaned up).

"A majority of courts hold that there is a rebuttable presumption that a wrongfully enjoined party is entitled to recover damages against the injunction

bond unless there is a good reason to depart from the preference for recovery of security granted under Rule 65(c)." *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 869 F. Supp. 2d 800, 803 (E.D. Ky. 2012) (cleaned up). And although under the majority rule, "there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the security executed so as to recover provable damages up to the amount of the security," the presumption applies only to "provable damages," so the enjoined party must show "that the damages sought were proximately caused by the wrongful injunction." *Sigman v. Tenn. Valley Auth.*, No. 1:16-0020, 2016 WL 6138605, at *8 (M.D. Tenn. Oct. 21, 2016) (cleaned up).

Here, defendants have particularly strong evidence as to damages suffered as a result of the improvidently granted injunction. At trial, *Radiant's exhibits* demonstrated that prior to the injunction, BTX's monthly profits were $99,178 and that while the injunction was in place they dropped to $5,719. *See* (Plaintiff's Trial Exhibits 279, 280). And BTX's average monthly revenues dropped from nearly $400,000 to under $40,000 during the injunction. *See* (*id.*); *see also* (ECF No. 253, PageID.19673-74) (post-judgment motion by Radiant repeating these figures). Thus, over the six-month time period of the injunction, Radiant's exhibits show that BTX lost $560,754 in profits, a figure which significantly exceeds the $425,000 of the bond. This amount is directly attributable to the injunction, not

10

other aspects of the litigation, and is of course perfectly correlated with the time of the injunction.

Radiant urges that the Court should consider defendants' efforts to mitigate their damages under the injunction and that because the injunction was narrowly tailored, the evidence suggests that defendants "had opportunities available to them that they did not reasonably pursue" and so any recovery should be limited. (ECF No. 255, PageID.19866-68). But even the case cited by Radiant begins from the presumption that defendants are entitled to the full award. *See Sionix Corp. v. Moorehead*, 299 F. Supp. 2d 1082, 1087-88 (S.D. Cal. 2003) ("The law presumes Cowart is entitled to the injunction bond" and the "Court's discretion in denying execution is narrow"). After emphasizing that only in rare circumstances should a Court deny execution of the bond, the District Court for the Southern District of California held that the enjoined party had not failed to mitigate his damages. *Id.* at 1088.[3]  Here the damages suggested by Radiant's own trial exhibits exceed the

---

[3] And the other case cited by Radiant, *Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-cv-3103, 2015 WL 3559273 (D. Minn. May. 27. 2015), was decided in a different procedural posture.  Faced with a motion to increase the size of an injunction bond, the court there observed that it was "authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Id.* at *1, 4 (cleaned up).  That broad discretion runs contrary to the limited discretion and presumption under which the undersigned is operating in the present case.  Moreover, any statements about a duty to mitigate damages were evaluated in consideration of the proper amount at which to *set* the bond, not whether to grant the full amount of the bond. And finally, the Court in that case "[s]ignificantly" noted that "if Defendants are

11

amount of the bond by more than $100,000.  Thus, even assuming for the sake of argument that defendants could have mitigated their damages in certain ways, the Court finds that on balance the presumption in favor of recovery under the bond carries the day.

Radiant asserts, without citation, that "before any recovery under the Bond can be had, an evidentiary hearing is required in which Defendants must establish their actual damages caused by the Injunction." (ECF No. 255, PageID.19870). Particularly here, where the parties agreed to a bond amount of up to $425,000, and where *Radiant* asserted at trial that BTX lost profits during the six-month injunction that exceeded that amount, the Court does not believe oral argument will aid in the resolution of this matter.  Nor does the Court believe it is required to hold a hearing. *See, e.g.*, *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 869 F. Supp. 2d 800, 802, n.1 (E.D. Ky. 2012) (denying a motion for an evidentiary hearing on injunction damages where the Court did not believe oral argument was necessary).

In conclusion, the Court finds that the conditions of the injunction bond have been satisfied, and defendants are entitled to recover.  Although it was not an abuse

---

later found to have been wrongfully enjoined, then Defendants' damages are not limited to the amount of the bond set by the Court." *Id.* at *8.  Here, although pointing to evidence from Radiant's trial exhibits that their damages exceeded half a million dollars, Furstenau and BTX have limited their request to the amount of the bond.

of discretion to grant the preliminary injunction almost five years ago, with the benefit of two trials and all of the facts, it has now become clear that the preliminary injunction was "improvidently granted pursuant to Fed. R. Civ. P. 65(c)." (ECF No. 61, PageID.2999). The Court recognizes a presumption of recovery under the bond, which has not been overcome, and observes that Radiant's trial exhibits demonstrate that defendants' damages from the improvidently granted injunction total more than $500,000. Accordingly, it is hereby,

ORDERED that the motion to recover under the bond (ECF No. 250) is GRANTED.

**SO ORDERED.**

Dated: January 25, 2024
     Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE